# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LEGACY PARK, LTD and MARK BEAVER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO 08-0352-KD-B ) |
| THE CITY OF BAYOU LA BATRE, | ) ) ) |
| Defendant. | ) |

## ORDER

This action came before the Court for trial by jury on January 11, 2010. The jury was sworn and trial commenced. At time of trial, Plaintiffs' claims for breach of contract and promissory estoppel remained pending.

## I. SETTLEMENT

During the trial of the case, the parties reached a settlement of these claims as follows:

(a) Plaintiffs Mark Beaver and Legacy Park, Ltd. agree to the dismissal of their claim for breach of contract. Plaintiffs also covenant and agree that they will abide by the following restriction during their ownership of the property described infra (hereinafter "the Property"), and will include the following restriction in any deed of sale for the Property: "In the event that the Property is developed for single family residential dwellings, the minimum lot width of the single family residential lots shall be sixty-five (65) feet." This restriction on the Property may be removed only upon the written approval of the then owner of the Property and the approval of the City Council of Bayou La Batre as evidenced by a Resolution of the City of Bayou La Batre, or by the Order of a Court of competent jurisdiction;

(b) Defendant City of Bayou La Batre agrees to pay compensatory damages in the

amount of $15,000 to Plaintiffs Mark Beaver and Legacy Park, Ltd., as compensation for their claim of promissory estoppel; and

      (c)      the parties agree that equitable relief on Plaintiffs' claim of promissory estoppel is appropriate and should be submitted to the Court to determine an appropriate equitable remedy.

II. <u>EQUITABLE REMEDY FOR PROMISSORY ESTOPPEL</u>

      The Defendant has agreed to liability on the promissory estoppel claim.

      "[C]ourts may award such damages as justice requires to make the promisee whole relative to how he or she stood before the promisor made the promise". <u>Sykes v. Payton</u>, 441 F. Supp. 2d 1220, 1225, 1223 (M.D. Ala. 2006) (citing <u>Wyatt v. BellSouth, Inc.</u>, 757 So.2d 403, 405 (Ala. 2000)). In <u>Wyatt</u>, the Alabama Supreme Court followed the analysis of <u>Remes v. Nordic Group, Inc.</u>, 169 Vt. 37, 40-41, 726 A.2d 77, 79-80 (1999), wherein the court held "that promissory estoppel damages should be discretely designed as corrective relief to rectify the wrong committed in a particular case." <u>Wyatt,</u> 757 So. 2d at 407. The court in <u>Remes</u> also explained that "[a] remedial order in a promissory estoppel case must be fashioned carefully to achieve fairness to all parties according to the circumstances of a particular case" and that courts may exercise their discretion and when justice requires, award either a judgment for damages or an equitable remedy. <u>Wyatt</u>, 757 So. 2d at 407-408.

      The Court determines that the appropriate equitable remedy in this matter is to put the Plaintiffs back in the position they would have been had the City not annexed the property. Specifically, the Court determines that de-annexation is warranted of that portion of Plaintiffs'

property that was located outside the City of Bayou La Batre prior to November 27, 2006.[1]

Therefore it is hereby ORDERED, ADJUDGED and DECREED as follows:

1) That the property described more fully as:

> Parcel "B" A part of the SW14 of Section 13 and the NW 1/4 of Section 24, Township 7 South, Range 3 West, Mobile County, Alabama described as follows: COMMENCE at a 2" Pipe at the Southwest corner of said Section 13; Thence S89°51'00"E along the South Boundary of said Section 13, 905.87 feed to a 0.5" Iron; Thence S89°52'55"E, 405.00 feet the POINT OF BEGINNING; Thence N00°59'57"W, 130.55 feet; Thence S89°27'31"E, 351.46 feet to a 1" Pipe; Thence S89°42'03"E, 199.35 feet to a 1" Iron; Thence S89°26'53"E, 200.28 feet to a 1" Pipe; Thence S89°28'27"E, 50.03 feet to a 5/8" Iron; Thence S00°07'05"W, 758.12 feet to a 5/8" Iron on the North right-of- way of Padgett Switch Road (80' right-of-way); Thence Southwesterly along said North right-of-way, along the arc of a curve to the left, 978.25 feet (radius 13347.62 feet, delta 04°11'57", chord S85°08'30"W,978.03 feet) to a 5/8" Iron; Thence Southwesterly along said North right-of-way, along the arc of a curve to the left, 167.42 feet (radius 1478.42 feet, delta 06°29'18", chord S79°47'52"W, 167.33 feet) to a 0.5" Iron; Thence N00°59'57"W, 397.65 feet to a 0.5" Iron; Thence S89°52'55"E, 354.99 feet to a 5/8" Iron; Thence N00°59'57"W, 350.00 feet to the POINT OF BEGINNING. Contains 17.35 acres.

be de-annexed by the City of Bayou La Batre.

2) That the Plaintiffs' claim for breach of contract is DISMISSED.

**DONE** and **ORDERED** this January 13, 2010.

    **s / Kristi K. DuBose**
    **KRISTI K. DuBOSE**
    **UNITED STATES DISTRICT JUDGE**

---

[1] Cf. Burton v. City of Belle Glade,178 F. 3d 1175, 1200 (11th Cir. 1999) ("We do not suggest that a Federal court would never have the power to order annexation.").